**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By: Steven J. Bushinsky, Esquire
    Kevin D. Jarvis, Esquire
    *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS TRI-STATE HEALTH AND WELFARE FUND FOR AND ON BEHALF OF THEMSELVES AND SAID FUND,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**CONSULATE HEALTH CARE, LLC d/b/a FROSTBURG VILLAGE**<br><br>*and*<br><br>**STERLING CARE FROSTBURG VILLAGE**<br><br>*Defendants.* | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs, Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health & Welfare Fund, for and on behalf of themselves and said Fund, (hereinafter referred to as the "Plaintiff Fund"), as fiduciaries for this Fund, hereby allege against Defendants as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, the common law of ERISA, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

2. This Court is one of proper venue pursuant to Section 502(e)(1) and (2) of ERISA, 29 U.S.C. §1132(e)(1) and (2) as the Trust Funds are administered in the State of New Jersey, the alleged breach by the Defendants of their contractual, statutory and common law obligations to Plaintiffs took place in New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with Section 502(h), 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiffs, United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health & Welfare Fund, for and on behalf of themselves and said Fund, ("the Fund"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are employee benefit plans established and maintained pursuant to Section 3(1), (2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing

health, retirement, and other benefits to eligible participants and their beneficiaries. The Fund has standing to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5. The Plaintiffs United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health & Welfare Fund, are "multiemployer plans," "employee benefit plans," and "employee welfare benefit plans" within the meaning of ERISA Sections 3(37), (A), 29 U.S.C. §§1002(37), (A).

6. The Plaintiff Trustees are "Fiduciaries" of the Fund within the meaning of Sections 3(16) and (21) of ERISA, 29 U.S.C. §1002(16) and (21).

7. The Trustees have standing to commence this action under Section 502(a)(3)(B), 29 U.S.C. §1132(a)(3)(B).

8. The Fund maintains its principal place of business at 27 Roland Avenue, Suite 100, Mt. Laurel, New Jersey 08054.

9. The Fund and Trustees bring this action on behalf of the Fund participants and beneficiaries pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§1132, 1145 and Section 301 of LMRA, 29 U.S.C. §185.

10. Defendant, Consulate Health Care, LLC ( "Consulate" or "Employer"), is a party of interest as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C.

§1002(5) and (14) respectively and, is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §§152(2), (6) and (7), and Sections 3(11) and (12) of ERISA, 29 U.S.C. §§1002(11) and (12).

11. Upon information and belief, Consulate's principal place of business is located at 800 Concourse Parkway South, #200, Maitland, Florida 32751.

12. Defendant, Sterling Care Frostburg Village ("Sterling" or "Employer") is also a party of interest as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §§152(2), (6) and (7), and Sections 3(11) and (12) of ERISA, 29 U.S.C. §§1002(11) and (12).

13. Defendant Sterling's principal place of business is located at 1 Kaylor Circle, Midland, Maryland 21532.

14. Plaintiffs became aware that Defendant Consulate sold or otherwise transferred its assets, operations, equipment and customer contracts to Defendant Sterling.

15. At all relevant times herein, upon information and belief, Defendant Sterling has been a successor in interest to Defendant Consulate.

## FACTS COMMON TO ALL CLAIMS

16. At all times relevant hereto, Defendant Consulate was party to and agreed

4

to abide by the terms and conditions of a Collective Bargaining Agreement ("CBA" or "Labor Contract") with the UFCW Local 27.

17. At all times relevant hereto, Defendant Consulate was a party to the Collective Bargaining Agreement, ("CBA") contractually agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Fund. The Trust Agreement of the Fund sets forth the rules and regulations with respect to participation in and administration of the Fund.

18. By virtue of the Collective Bargaining Agreement, Trust Agreements, and in accordance with relevant law, Defendant Consulate is obligated:

   a. To timely remit fringe benefit contributions to the Fund on behalf of its eligible employees who are members of, or are represented by, UFCW Local 27 (hereinafter "bargaining unit employees"); and

   b. To submit monthly remittance reports to the Fund detailing all bargaining unit employees who worked in each period, the wages paid to those employees in that period, and the amounts of fringe benefit contributions to be remitted to the Fund on behalf of said employees based upon the gross labor payroll paid by Defendant Consulate on behalf of its bargaining unit employees; and

   c. To produce upon request by the Fund all books and records deemed necessary to conduct a payroll compliance review, a/k/a audit, of the Defendant's

5

financial/payroll records concerning its obligations to the Fund and to pay the cost of the audit; and

    d. To pay liquidated damages, interest, audit costs and all costs of litigation, including attorney's fees expended by the Fund to collect any amounts due as a consequence of Defendant Consulate's failure to comply with its contractual and statutory obligations; and

    e. To abide by the terms of the Policy for the Collection of Delinquent Fringe Benefit Contributions for the Fund ("Collection Policy").

19. Pursuant to the provisions of the Trust Agreements and Collective Bargaining Agreement, Defendant Consulate is required to provide access to its financial records deemed necessary for the Trust Fund to determine if Defendant Consulate properly complied with its obligation to contribute to the Fund.

## COUNT ONE
**Failure to Remit Contributions under ERISA**
**Fund v. Employer**

20. The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21. A Payroll Compliance Review, a/k/a Audit, performed for the Fund for the period of January 1, 2016 through December 31, 2016; and January 1, 2017 through December 31, 2017 revealed benefit contribution delinquencies (hereinafter, "Audit").

6

22. Defendant Consulate has failed to make benefit contributions including, but not limited to, the amounts set forth in the Audit and due under the Labor Contract, Trust Agreements or Plan Documents of the Plaintiff Fund in violation of 29 U.S.C. §1145 for a period not barred by an applicable statute of limitations or similar bar.

23. Payment of the delinquent contributions and penalties assessed against Defendant Consulate has been demanded by the Fund, but Defendant has refused to submit the required payments.

24. The Fund is adversely affected or damaged as a proximate result of Defendant Consulate's failure to pay benefit contributions in violation of 29 U.S.C. §1145.

25. This action seeks damages pursuant to the Fund's Trust Agreements, ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, under which this Court is directed to award all unpaid contributions, interest, liquidated damages, reasonable attorney's fees, court costs, and any other relief which the Court deems appropriate.

**WHEREFORE**, the Plaintiff Fund respectfully request the Court enter Judgment for the following relief:

(A) Order Defendant Consulate to pay all contributions due and owing to the Fund as provided by 29 U.S.C. §1132(g)(2)(A), CBA and Trust

Agreements; and

(B) Order Defendant Consulate to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g)(2)(B), CBA and Trust Agreements; and

(C) Order Defendant Consulate to pay liquidated damages provided for under the Trust Agreements in an amount not in excess of twenty percent (20%) (or such high percentage as may be permitted under Federal or State law) of the amounts of unpaid contributions as determined by the Court as provided by 29 U.S.C. §1132(g)(2)(C)(ii), CBA and Trust Agreements; and

(D) Order Defendant Consulate to pay the Fund's reasonable attorney's fees and costs incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g)(2)(D), CBA and Trust Agreements; and

(E) Order any such other and further relief as this Court may deem equitable, just and appropriate as provided by 29 U.S.C. §1332(g)(2)(E).

## COUNT TWO
### Failure to Remit Contributions under CBA/Labor Contract
### Fund v. Employer

26. The allegations of Paragraphs 1 through 25 are incorporated as if fully set forth herein.

27. A Payroll Compliance Review, a/k/a Audit, performed for the Fund for the period of January 1, 2016 through December 31, 2016; and January 1, 2017, through December 31, 2017 revealed benefit contribution delinquencies (hereinafter, "Audit").

28. The Employer Consulate has failed to make the benefit contributions as set forth in the Audit, as required by the CBA/Labor Contract and other documents incorporated by the CBA/Labor Contract, such as the Funds Trust Agreements or Plan Documents in violation of §301 of the LMRA, 29 U.S.C. §185.

29. Plaintiff Fund has been adversely affected or damaged as a proximate result of Defendant Consulate's breach of the CBA/Labor Contract and its incorporated documents.

**WHEREFORE**, Plaintiff Fund respectfully requests the Court enter Judgment for the following relief as provided in the CBA/Labor Contract and Trust Agreements:

(A) Order Defendant Consulate to pay all contributions due and owing to the Fund, as provided by the CBA and the Trust Agreements; and

(B) Order Defendant Consulate to pay interest, as provided by the CBA and the Trust Agreements; and

(C) Order Defendant Consulate to pay liquidated damages, as

provided by the CBA and the Trust Agreements; and

(D) Order Defendant Consulate to pay reasonable attorney's fees and costs incurred in the prosecution of this action, as provided by the CBA and the Trust Agreements.

## COUNT THREE
**Defendant Sterling as a Successor Entity of Defendant Consulate**

30. Plaintiffs incorporate the allegations of Paragraphs 1 through 29 of this Complaint as if set forth herein in their entirety.

31. Upon information and belief, Defendant Sterling assumed through purchase, transfer, sale or lease Defendant Consulate's assets, operations, contracts, customers, employees, equipment, and liabilities.

32. Upon information and belief, Defendant Sterling hired all or portions of Defendant Consulate's work force.

33. Upon information and belief, Defendant Sterling has retained some or all of the patients, customers and accounts of Defendant Consulate.

34. Upon information and belief, Defendant Sterling also retained Defendant Consulate's service agreements and/or warranties with vendors.

35. Upon information and belief, at the time of the asset sale or transfer Defendant Sterling was aware, or should have been aware, of the demand by Plaintiffs

to Defendant Consulate for payment of the delinquent benefit contributions revealed in the audit.

36. Plaintiffs made a demand to Defendant Sterling for the payment of the delinquent benefit contributions revealed in the audit, which demand was rejected by Defendant Sterling.

37. Defendant Sterling maintained a continuity of the operations of Defendant Consulate such that Defendant Sterling is liable for all of the obligations that Defendant Consulate owed the Plaintiffs.

38. Under the totality of the circumstances there are sufficient indicia of continuity between Defendant Consulate and Defendant Sterling to hold Defendant Sterling as the successor in interest to Defendant Consulate for purposes of ERISA, the National Labor Relations Act, and all other relevant labor laws.

39. By virtue of its successor status, Defendant Sterling is liable for all of the obligations that Defendant Consulate owed the Plaintiffs.

**WHEREFORE**, the Fund respectfully requests the following relief:

(A) An Order declaring Defendant Sterling to be the successor to Defendant Consulate;

(B) A judgment requiring Defendant Sterling to pay immediately all delinquent contributions that Defendant Consulate owes the Fund;

(C) Order Defendant Sterling to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Sterling to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(E) Order Defendant Sterling to specifically perform all obligations to the Fund under the Inside Agreement;

(F) Order Defendant Sterling to pay the Fund's reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g);

(G) Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT FOUR
**Declaratory Judgment Under Section 502 of ERISA Against Defendant Sterling**

40. The Plaintiffs incorporate the allegations of Paragraphs 1 through 39 of this Complaint as if set forth herein in their entirety.

41. Plaintiffs request a judicial determination as to Defendant Sterling, declaring their rights and obligations in regard to the subject matter of this action pursuant to 28 U.S.C. §2201 and Section 301(a) of LMRA.

42. A controversy exists among the Plaintiffs and Defendant Sterling, regarding the parties' rights and duties under the Fund's benefit plan, Inside

Agreement, and associated Trust Agreements.

43. A judicial declaration is necessary and appropriate at this time under all of the circumstances so that Plaintiffs can recover all unpaid benefit contributions owed to the Fund, together with lawful interest, liquidated damages, reasonable attorneys' fees, costs of suit, and such other and further relief which this Court deems equitable and just.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

(A) An Order declaring Defendant Sterling to be the successor to Defendant Consulate;

(B) A judgment requiring Defendant Sterling to pay immediately all delinquent contributions that Defendant Consulate owes the Fund;

(C) Order Defendant Sterling to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Sterling to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(E) Order Defendant Sterling to specifically perform all obligations to the Fund under the Inside Agreement;

(F) Order Defendant Sterling to pay the Fund's reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g);

Order any such other and further relief as this Court may deem equitable, just and appropriate.

## CERTIFICATION

Pursuant to L. Civ. R. 11.2

Plaintiffs, by and through it undersigned counsel, hereby certify that this matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

/s/ Kevin D. Jarvis
KEVIN D. JARVIS, ESQUIRE
O'Brien Belland & Bushinsky LLC
509 S. Lenola Road, Building 6
Moorestown, NJ 08057
856-795-2181
kjarvis@obbblaw.com

Dated: 5/16/2023